IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jeffrey Marchione, | ) | Case No. 6:24-cv-04649-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden FCI Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241. [Doc. 1.] This matter is before the Court on Respondent's motion to dismiss or, in the alternative, for summary judgment. [Doc. 13.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On April 30, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion be granted.[1] [Doc. 26.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 17.] On May 22, 2025, the clerk docketed objections from Petitioner. [Doc. 28.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] Because both parties have introduced evidence outside the pleadings for the Court's consideration of this matter, the Magistrate Judge treated Respondent's motion as a motion for summary judgment, and this Court will do the same. [Doc. 26 at 5; *see* Docs. 13-1; 17 at 10–13.]

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Petitioner is an inmate at Federal Correctional Institution ("FCI") Edgefield who filed this action seeking prior custody credit against his federal sentence for time spent in state custody, as well as a *nunc pro tunc* designation.  [Doc. 1.]

Petitioner was arrested by the United States Marshal Service (the "USMS") on June 5, 2013, for distribution and possession of child pornography, and was released on bond that same day.  [Doc. 13-1 ¶ 7.]  The USMS arrested him again on July 11, 2013, for a superseding indictment, and he was released on bond on July 16, 2023.  [*Id*. ¶ 8.] While on federal bond, Michigan state authorities arrested Petitioner on August 7, 2023, and he remained under the state's primary jurisdiction because he did not post bond.  [*Id*. ¶ 9.]  After pleading guilty to three counts of the federal superseding indictment, Petitioner was temporarily removed from state custody on April 3, 2014, and was sentenced by a

district judge for the United States District Court for the Western District of Michigan to 360 months imprisonment.  [*Id*. ¶ 10; *see id*. at 15, 22–23, 25–30.]

Petitioner was returned to state custody, and on April 14, 2014, was sentenced by the State of Michigan to a nine-to-15-year term of imprisonment.  [*Id*. ¶¶ 10–11.]  The judgment indicated credit be applied from August 7, 2013, through April 14, 2014 (time served in state custody), for a total of 251 days credit.  [*Id*. ¶ 11; *see id*. at 32–33.]

On August 11, 2022, Petitioner was released from his state sentence to the USMS to begin service of his 360-month federal term.  [*Id*. ¶ 12.]  Upon commitment to Bureau of Prison ("BOP") custody, the BOP prepared a sentence computation and commenced the sentence on August 11, 2022, the day Petitioner entered federal custody.  [*Id*. ¶ 13.]  Petitioner requested retroactive designation of the state institution for the concurrent service of the federal sentence, and the BOP sent a letter to the federal sentencing court to solicit its position regarding retroactive designation.  [*Id*. ¶¶ 14–15.]  The sentencing court expressed no preference regarding retroactive designation, therefore, the BOP evaluated the five factors set forth in 18 U.S.C. § 3621(b) and denied Petitioner's request for retroactive designation.  [*Id*. ¶¶ 16–17.]

On March 7, 2024, Petitioner filed an informal resolution form regarding his sentence computation, and on March 25, 2024, the unit manager noted that the complaint had not been informally resolved.  [Doc. 1-2 at 8.]  On April 9, 2024, Petitioner filed an institutional-level grievance with the Warden [*id*. at 9], and on April 19, 2024, the Warden responded that Petitioner's sentence had been correctly computed and that he could submit an appeal to the Regional Director's Office within 20 calendar days if he was dissatisfied with the response [*id*. at 10].  According to SENTRY, the BOP's record

system, the BOP received the regional appeal on June 10, 2024, and it was accordingly denied as untimely. [Docs. 17 at 12; 13-1 at 72.] The rejection notice stated that Petitioner could resubmit his appeal in proper form at the regional level within 10 days [Doc. 17 at 12], but Petitioner instead filed an appeal at the central office level on July 26, 2024 [Doc. 1-2 at 12]. The appeal was rejected because Petitioner had filed at the wrong level prior to completing his appeal at the regional level. [*Id.* at 13.]

Petitioner filed this § 2241 petition (the "Petition") in August 2024, asserting that the BOP abused its discretion in denying Petitioner's *nunc pro tunc* request. [Doc. 1.]

## DISCUSSION

The Magistrate Judge recommends that Respondent's motion for summary judgment be granted because he failed to exhaust his administrative remedies, his sentence was correctly calculated, and *nunc pro tunc* designation is not appropriate. [Doc. 26.] In his objections, Petitioner argues that he exhausted his administrative remedies because he mailed his regional appeal within the time requirements; the BOP should have conducted the five-factor analysis at the time of sentencing; his state sentence is a "like crime" under 18 U.S.C. § 3585(b); and the BOP skipped over the first and fifth factors in analyzing whether *nunc pro tunc* designation is appropriate. [Doc. 28 at 2–5.] The Court will address each issue seriatim.

**Exhaustion of Administrative Remedies**

The Magistrate Judge first concluded that Petitioner has not exhausted his administrative remedies because he did not resubmit his regional level appeal in proper form within the time prescribed but instead filed an appeal to the central office. [Doc. 26 at 6–9.] Petitioner objects, asserting that he "did in fact mail the [regional appeal] within

4

the time requirements." [Doc. 28 at 2.] However, Petitioner has produced no documentary evidence to support his assertion that he had timely mailed the regional-level appeal, and the evidence before the Court shows only that Petitioner filed an appeal to the central office instead of resubmitting the regional appeal as instructed. [*See* Doc. 13-1 at 71–73.] The Court accordingly overrules Petitioner's objection.

**Calculation of Sentence**

Even if Petitioner could show that any defects in his exhaustion were the result of actions or inactions of prison officials, his claims still fail on the merits for the reasons explained by the Magistrate Judge. The Magistrate Judge first concluded that Petitioner's sentence was correctly calculated, finding that the BOP correctly determined that Petitioner's federal sentence commenced on August 11, 2022, and that he has already received the proper prior custody credit. [Doc. 26 at 9–11.] In his objections, Petitioner does not dispute that his federal sentence commenced on August 11, 2022, but argues that the BOP should have conducted the five-factor analysis under 18 U.S.C. § 3621(b) at the time of sentencing, and that because the state sentence arose from the federal investigation, it was a "like crime" under § 3585(b). [Doc. 28 at 3.]

The Court overrules Petitioner's objections. As discussed further below, the BOP has broad discretion in evaluating *nunc pro tunc* requests. *Ussery v. Dunbar*, No. 1:22-1924-DCN-SVH, 2022 WL 20625061, at *7 (D.S.C. Nov. 7, 2022), *Report and Recommendation adopted by* 2023 WL 5425039 (D.S.C. Aug. 23, 2023). Petitioner does not identify any authority that required the BOP to perform its *nunc pro tunc* analysis earlier than it did, nor does Petitioner explain in his objections how the timing of the BOP's *nunc pro tunc* analysis is relevant to the computation of his sentence. Further, the issue

5

of whether Petitioner's state sentence was for a similar charge is of no consequence because the Magistrate Judge correctly found that the time Petitioner spent in state custody has already been credited against his state sentence, disqualifying Petitioner from prior time credit under § 3585(b).  [Doc. 26 at 11.]  The Court therefore agrees with the Magistrate Judge that Petitioner's federal commencement date and prior custody credit were calculated correctly and accordingly overrules Petitioner's objections.

***Nunc Pro Tunc* Designation**

The Magistrate Judge further concluded that a review of the § 3621(b) factors worksheet reflects that the BOP considered the appropriate factors in denying Petitioner's *nunc pro tunc* request.  [Doc. 26 at 15–16; *see* Doc. 13-1 at 65.]  In his objections, Petitioner argues that the BOP abused its discretion in denying the *nunc pro tunc* designation and that it "skipped over factors (1) and (5) in [its] analysis." [Doc. 28 at 4–5.]  Specifically, he claims that the resources of the state facility were harsher than the federal prison, his specific offense does not warrant a harsher sentence than the judge intended, he has had minimal rule infractions, the sentencing court's statements favor Petitioner, and the sentencing guidelines resulted in a fair sentence.[2]  [*Id*.]

Pursuant to 18 U.S.C. § 3585(a) and the BOP's policy in computing sentences, a federal sentence cannot commence prior to the date of its imposition and until the

---

[2] Petitioner also argues that the *Mangum* decisions should have been considered by the Magistrate Judge.  [Doc. 28 at 5.]  The Magistrate Judge explained in the Report that the Fourth Circuit's decisions in *Mangum v. Hallembaek*, 824 F.3d 98, 101 (4th Cir. 2016), and *Mangum v. Hallembaek*, 910 F.3d 770, 774 (4th Cir. 2018), are distinguishable because the sentence at issue in those decisions predated the Supreme Court's decision in *Setser v. United States*, 566 U.S. 231 (2012), in which the Court abrogated prior Fourth Circuit precedent and held that federal district court has authority to run a federal sentence concurrent with or consecutive to an anticipated state sentence.  [*See* Doc. 26 at 13–14.]  The Court agrees and overrules Petitioner's objection for this reason.

defendant is in federal custody. *United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998). However, an inmate in non-federal custody may have his federal sentence commence the date it is imposed if the BOP makes a *nunc pro tunc* designation under 18 U.S.C. § 3621(b), which allows the non-federal facility to serve as a place for service of the federal sentence. *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1990). Section 3621(b) enumerates the following factors for the BOP to consider in making a *nunc pro tunc* designation: (1) the resources of the non-federal facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2). 18 U.S.C. § 3621(b). The BOP is afforded wide latitude in exercising its delegated authority under § 3621(b). *Barden*, 921 F.2d at 483; *Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005). Further, the BOP's decision to grant or deny a *nunc pro tunc* designation is subject to judicial review only for abuse of discretion. *Barden*, 921 F.2d at 478. "So long as BOP undertakes an individualized review of an inmate's case and makes a decision to deny a request for designation *nunc pro tunc* after analyzing the five relevant factors prescribed by § 3621, habeas corpus relief from its determination is unavailable." *Ussery v. Dunbar*, No. 1:22-cv-01924-DCN, 2023 WL 5425039, at *5 (D.S.C. Aug. 23, 2023) (internal quotation marks omitted).

Here, the BOP appropriately analyzed the § 3621(b) factors and denied Petitioner's request based on his prior BOP infractions and convictions for "hinder and oppose and disturbing the peace," as well as the sentencing judge's response to the BOP's inquiry stating that he had "no preference either way" and "the BOP should apply

the rules and policies it normally applies." [*See* Doc. 13-1 at 65 (internal quotation marks omitted).] Although the Court notes Petitioner's objection that the BOP did not provide much analysis of factors one and five, the Fourth Circuit has stated that the BOP is not required to consider each § 3621 factor equally. *See Trowell*, 135 F. App'x at 596 n.4 (4th Cir. 2005) ("We emphasize that we do not hold that BOP must consider each factor listed in § 3621, but rather only that it must consider each factor that is relevant to its decision in ruling on a nunc pro tunc designation request. We also emphasize that . . . we do not hold that BOP must give each relevant factor equal weight."). The Court therefore agrees with the Magistrate Judge that the BOP did not abuse its discretion in denying Petitioner a *nunc pro tunc* designation and overrules Petitioner's objection.

## CONCLUSION

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Respondent's motion for summary judgment [Doc. 13] is GRANTED and the Petition is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

September 10, 2025
Greenville, South Carolina

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a

district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right" with respect to the issues of Petitioner's access to video evidence, staff representation at the hearing, and the DHO impartiality.